**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4573**

———————

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

     v.

CALVIN DWIGHT MITCHELL, a/k/a Calio,

               Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:12-cr-00270-BO-1)

———————

Submitted:  October 23, 2014     Decided:  December 11, 2014

———————

Before KEENAN, DIAZ, and FLOYD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

W. Andrew LeLiever, THE LAW CORNER, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Calvin Mitchell was charged with: conspiracy to distribute and to possess with intent to distribute 280 grams or more of cocaine base and a quantity of cocaine (Count One); and distribution of cocaine (Count Two). A jury convicted him on both counts. In its special verdict, the jury found that the conspiracy involved only cocaine. Mitchell received an aggregate sentence of 360 months in prison. He now appeals. We affirm.

I

At trial, evidence was introduced that, following his arrest, police officers advised Mitchell of his Miranda rights. During an interview, Mitchell admitted that he had distributed cocaine on May 24, 2012. Additionally, he stated that he had a long history of drug distribution. Notably, he said that, between 2001 and the time of his arrest, he had bought between six and seven ounces of crack cocaine per week from Nate McFadgen. He also reported that, for over a decade, he had purchased seven ounces of crack per week from another individual whom he refused to name.

There was also testimony at trial concerning Mitchell's three previous state convictions for dealing crack. We hold that the district court did not abuse its discretion in admitting this testimony. Not only did the testimony tend to

2

corroborate Mitchell's statements during his debriefing, but it was pertinent to issues such as intent and knowledge. The evidence thus was not introduced to prove Mitchell's character in order to show he acted in accordance therewith, but for another, permissible purpose. See Fed. R. Evid. 404(b). Further, the evidence was relevant, necessary and reliable, and its probative value was not outweighed by its prejudicial nature. See United States v. Siegel, 536 F.3d 306, 317 (4th Cir. 2008); United States v. Queen, 132 F.3d 991, 994-95 (4th Cir. 1997).

II

Mitchell contends that, because the jury found that the conspiracy did not involve crack cocaine, the district court erred in including crack as relevant conduct when calculating his base offense level. In assessing whether a sentencing court correctly applied the Guidelines, the district court's factual findings are reviewed for clear error and its legal conclusions are reviewed de novo. United States v. Osborne, 514 F.3d 377, 387 (4th Cir. 2008).

"[A] sentencing court may consider uncharged and acquitted conduct in determining a sentence, as long as that conduct is proven by a preponderance of the evidence." United States v. Grubbs, 585 F.3d 793, 799 (4th Cir. 2009). In ruling that the Government had met its burden of proof, the district

3

court relied on the trial record. Based on Mitchell's admissions concerning his long-term dealing in crack cocaine and other evidence discussed above, we hold that the court did not err in including a quantity of crack cocaine when computing relevant conduct.

## III

Mitchell's offense level was enhanced by two levels based on obstruction of justice. See U.S. Sentencing Guidelines Manual § 3C1.1 (2012). He contends that this enhancement was erroneous.

The enhancement stemmed from Mitchell's confrontation with a witness who was cooperating with federal officials. Mitchell, who knew he was under investigation, approached the witness, told him he was aware the witness was providing information to federal agents, and attempted to engage the witness in a physical confrontation. This conduct suffices to establish that Mitchell threatened the witness with the intention of discouraging or prohibiting his further cooperation and, accordingly, justified the enhancement. See USSG § 3C1.1, cmt. n.4(A).

## IV

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented

in the material before the Court and argument would not aid the decisional process.

AFFIRMED